### Peter N. Begin v. Thomas Henderson.

*Mechanic's lien—Conclusions on testimony taken in open court.*

In reviewing statutory proceedings in chancery to enforce a mechanic's lien in which the complainant obtained a verdict, the appellate court will not be disposed to disturb the result where the case depends mainly on the weight of oral testimony, and the testimony is irreconcilably opposed, and the trial court saw the witnesses examined.

Appeal from Wayne. (Chambers, J.) Apr. 20.—Apr. 25.

Bill to enforce mechanic's lien. Defendant appeals. Affirmed.

*S. S. Babcock* for complainant.

*B. T. Prentis* and *Jared Patchin* for defendant.

GRAVES, C. J. Begin brought this proceeding in chancery to establish and enforce a mechanic's lien under chapter 215 of the Compiled Laws, as amended by various acts and especially by Act No. 258 of the legislative session of 1879. The pleadings consist of bill and answer, and all the material questions were submitted to a jury; and the court, guided by their finding, decreed in complainant's favor for $131.03. The defendant appealed.

The case is in substance this :

In the fall of 1879 the defendant was constructing a dwelling-house in the city of Detroit, and had got it nearly completed, and was occupying a rear apartment. Complainant was doing carpenter work for him at the time, and after some negotiation Begin agreed with him to finish up the remaining carpenter work for $210. The contract was reduced to writing by Mr. Parsons, an architect, and subscribed by the parties. The items to be done were not inserted. The writing was general, and merely provided for whatever was still lacking. Complainant entered upon the work and partly performed it, and was paid $105, or one-half the specified price. At this stage he ceased and defendant employed other persons to complete the job.

The complainant claims that he performed certain extra work and that whatever he executed was perfect. He further says that his leaving was occasioned by the failure of defendant to provide certain materials. The defendant disputes these claims. He contends that there was no extra work, and that a portion of the job-work and especially about some of the doors was done so badly that it became necessary to alter and replace it. He also contends that no failure on his part occurred to furnish materials, and that when complainant left he voluntarily abandoned the job and against defendant's protest.

On all the essential points the evidence is irreconcilably opposed, and it would be extremely difficult, if not impossible, for this Court to proceed upon it unaided and reach a

result entirely satisfactory. The court below had the advantage of seeing the witnesses examined, and also had the aid afforded by the judgment passed on the testimony by the jury. These considerations are entitled to great weight in such a case—a case depending mainly on the value of oral testimony—and we are not prepared to gainsay the finding and overturn the decree.

It must therefore be affirmed with costs.

The other Justices concurred.